[No. 2,781.]

# FREDERICK KAPP v. ARTHUR H. GRIFFITH AND HARRIET W. GRIFFITH.

STATUTE OF LIMITATIONS AS TO SEPARATE PROPERTY OF MARRIED WOMAN.—As a married woman, under section seven of the Practice Act, may maintain ejectment for her separate property without joining her husband, her coverture does not create a disability so as to save the bar of the Statute of Limitations as to such property—the amendment of April 18th, 1863 (Stats. 1863, p. 325), having changed the rule of the statute of 1850 on this subject.

ADVERSE POSSESSION OF SEPARATE PROPERTY OF MARRIED WOMAN.— Adverse possession for five years of the separate property of a married woman creates a bar under the Limitation Act of April 18th, 1863 (Stats. 1863, p. 325), and is a good defense to an action of ejectment by her or her grantee.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The facts are stated in the opinion.

*R. B. Noyes* and *M. G. Cobb*, for Appellant.

Title by adverse possession does not run against a married woman. (*Michall* v. *Wyatt*, 2 Ala. 313; *McDonald* v. *McGuire*, 8 Texas, 361; 27 Conn. 70.)

Our amendatory statute of 1863 gave her the privileges of disability for five years after the passage of the law; and the plaintiff took his title under the disability, and the statute only commenced to run from the date of his conveyance. The statute of limitation does not run against a woman who was married at the time when the cause of action accrued, and it runs against her assignee only from the date of her conveyance to him. (*Drennen* v. *Walker*, 21 Ark. 529.)

In the exceptional cases mentioned in section seven of the Practice Act, the statute is not obligatory on the wife to sue or defend alone; it confers only a privilege which in many cases it may be important for her to assert for the protection of her interests, and in the exercise of which the fullest liberty should be accorded her.

In the absence of the exercise of this privilege by her, she ought, in harmony with the marital relation, to be viewed as relying on it for protection and electing to consider her husband a "necessary party" in everything that affects her interest. (*Calderwood* v. *Peyser*, 31 Cal. 335; *Martindale* v. *Tibbets*, 16 Ind. 200.)

*A. H. Griffith*, for Respondents.

The plaintiff's right to recover is barred by the Statute of Limitations, which makes adverse possession for five years conclusive evidence of title. (*Arrington* v. *Liscom*, 34 Cal. 385; *Cannon* v. *Stockman*, 36 Cal. 542; *Moon* v. *Rollins*, 36 Cal. 333; *Leroy* v. *Rogers*, 30 Cal. 234; *Leffingwell* v. *Warren*, 2 Black. 599.)

But it is said that Mrs. Toler was a married woman at the time she and her husband executed their deed to Edmonson, the grantor of the defendants, and that the land conveyed was her separate property; therefore, the statute did not run against her. By referring to the statute, the fact that it was her separate property is the reason why the statute ran against her. The disability of coverture exists only when the husband is a necessary party with her in the suit. The Practice Act, section seven, provides that when the action concerns a married woman's separate property she may sue alone. And as the Statute of Limitations now stands, it runs against a married woman in all those actions to which her husband is not a necessary party with her in commencing the action, the same as against other parties. (*Wilson* v. *Wilson,* 36 Cal. 450.)

By the Court, WALLACE, J.:

This was an action of ejectment, in which the defendant relied upon the Statute of Limitations, and judgment having been rendered in his favor, this appeal is taken from the judgment and from an order denying the plaintiff's motion for a new trial.

The title to the premises in controversy was vested in Mrs. Maria A. Toler, a married woman, by deed of gift to her from her father, made in 1854. In 1856 Edmonson, who claimed to have acquired her title, entered into the adverse possession of the premises, inclosed them with a fence, built a dwelling house, barn, and other buildings, and planted most of the land with fruit trees, and resided thereon, with his family, until the year 1865, when the defendant entered into possession under a deed obtained upon a foreclosure of a mortgage made by Edmondson, and has since occupied the premises adversely. The plaintiff obtained a deed of conveyance of the premises from Mrs. Toler and

her husband on the 29th day of December, 1864, and commenced this action on the 13th day of December, 1869—the premises having then been held adversely by the defendant and his grantors some thirteen years.

It is urged that the deed by which Mrs. Toler conveyed, or attempted to convey, the premises to Edmondson in 1856 was insufficient to pass the title, by reason of a defective acknowledgment, but the views we entertain, irrespective of the supposed insufficiency of the deed, upon the defense of the Statute of Limitations as a bar to the action, render it unnecessary to consider the sufficiency of her conveyance to Edmondson.

It is urged that the fact that Mrs. Toler was a married woman from the year 1854 until and at the time she conveyed the premises to. the plaintiff, in December, 1864, saved her claim of title from the operation of the statute, and that the plaintiff, having commenced the action within five years after he received his conveyance, his title is not affected by the bar.

The statute of 1850, defining the time for the commencement of civil actions, provided that if the person entitled to commence an action for the recovery of real property were a married woman, the time during which the coverture should continue should not be deemed a portion of the time limited for the commencement of the action; and, had not this provision of the statute been subsequently amended, it is clear that an action might have been brought by the plaintiff at any time within five years after the delivery to him of the deed under which he claims title. But on April 18th, 1863, the Act was amended in this respect, and by the amended Act the fact of coverture was declared not to create a disability, so as to save the bar of the statute in favor of the *femme covert*, except in those cases in which the husband was a necessary party to be joined with her in commencing the action. (Acts 1863, p. 325.) But the premises

being the separate property of the wife here, the husband need not have been joined with her as a plaintiff in an action brought for their recovery. (Pr. Act, Sec. 7, Subd. 1.) And the theretofore existing disability by reason of coverture having been thus removed from Mrs. Toler, her title would become barred, under the sixth section of the amendatory Act of 1863, by the lapse of five years from the 18th day of April, 1863—which period had fully run in April, 1868—nearly two years before the commencement of the action.

The judgment and order denying a new trial must, therefore, be affirmed, and it is so ordered.

Mr. Justice SPRAGUE did not participate in the foregoing decision.